```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF INDIANA
                     LAFAYETTE DIVISION
```

STEVE HOLMES,                   )
                                )
          Plaintiff,            )
                                )
     v.                         )    Case No. 4:06 CV 114
                                )
THE TRUSTEES OF PURDUE          )
UNIVERSITY; DEBRA J. STEINER,   )
in her individual and official  )
capacity; WILLIAM MILLER, MD,   )
in his individual and official  )
capacity,                       )
                                )
          Defendants            )


                        OPINION AND ORDER

This matter is before the court on the Motion to Extend Deadlines, Motion to Compel Plaintiff's Discovery Responses and Deposition of Plaintiff filed by the defendants, Trustees of Purdue University, Debra J. Steiner, and William Miller, M.D., on January 29, 2008. (DE 50, 52) For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

                          Background

The parties generally agree upon an extension of the discovery deadline and the need to set a deadline for the deposition of the plaintiff. Accordingly, discovery is extended through April 30, 2008.  A deadline for the filing of dispositive motions will be set by the district judge following the close of discovery.

The parties' continuing disagreement regards a set of interrogatories served by the defendants. In their motion, the defendants relate that after serving interrogatories and requests for production of documents on the plaintiff, a series of agree-

ments were reached by the parties that extended the time for the plaintiff's response to the defendants' interrogatories through December 5, 2007. The plaintiff appears first to have articulated an objection to the number of interrogatories on November 20, 2007. The plaintiff noted that there were 28 numbered interrogatories and, counting subparts, a total of 40.

The plaintiff now claims that because the number of interrogatories exceeds 25 as required by Federal Rule of Civil Procedure 33, that the interrogatories never were served properly and that no response is due. The defendants argue that objections to the number of interrogatories were waived.

## Discussion

Rule 33(a)(1) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Rule 33(b)(2) further provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."

Purdue's suggestion that Holmes has waived the right to object to the number of interrogatories is made without reference to any case law. More importantly, it is made without reference to the parties' agreement to extend time "for plaintiff to respond to defendants' interrogatories." (Defs Mot, ¶ 6) Purdue's current

2

argument apparently is that the extension to which they agreed regarded an extension to respond, but not to object. There is no basis for drawing this conclusion. In the meantime, the plaintiff's objection was made prior to the expiration of this agreed upon deadline. Accordingly, the objection was not waived.

Further, the proper method for objecting to a set of interrogatories that exceeds 25 is not completely clear. The rule may be read to suggest that a party may answer the first 25 questions and then object to the balance. *See e.g.* ***Theobles v. Industrial Maintenance Company***, ___ F.R.D. ___, 2006 WL 4936878 at *1 (D. Virgin Islands Nov. 27, 2006) (noting that after the first five questions were deemed to have included 25 discrete subparts, the party "did not have to respond to interrogatories 6 though (sic) 25"). Other courts have suggested that to answer any interrogatory in the offending set may result in waiver. *See* ***Allahverdi v. Regents of the University of New Mexico***, 228 F.R.D. 696, 698 (D. N.M. 2005)("The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not others, the defendants waived this objection.").

There appears to be no dispute that the interrogatories at a minimum numbered 28. Because no party made these interrogatories an exhibit, the court cannot determine whether they in fact reach 40. *See* ***Bell v. Woodward Governor Company***, 2005 WL 3829134 at *1 (N.D. Ill. June 30, 2005)(*quoting* ***Kendall v. GES Exposition Services, Inc.***, 174 F.R.D. 684, 685 (D. Nev. 1997)("interrogatory

subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."). *See also* ***Trevino v. ACB American, Inc.***, 232 F.R.D. 612, 614 (N.D. Cal. 2006); 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §2168.1, at 261 (2d ed. 1994).

With the understanding that the objection has not been waived, and in the spirit of the local and federal rules, notably Federal Rule of Civil Procedure 37, the court is confident that the parties can agree on a set of interrogatories that does not exceed the requirements of Rule 33. The defendants shall serve the interrogatories within 15 days of this order. The plaintiff shall respond to the interrogatories within 15 days of service. The plaintiff's deposition shall occur prior to the close of discovery.

_____

For the foregoing reasons, the Motion to Extend Deadlines, Motion to Compel Plaintiff's Discovery Responses and Deposition of Plaintiff filed by the defendants, Trustees of Purdue University, Debra J. Steiner, and William Miller, M.D., on January 29, 2008, (DE 50, 52) is **GRANTED IN PART** and **DENIED IN PART.** The deadline for completing all discovery is April 30, 2008.

ENTERED this 5th day of March, 2008

s/ ANDREW P. RODOVICH
United States Magistrate Judge